UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TION ALONZO GRIMMETT HILL, SR., | No. 2:23-cv-02789-CKD |
| Petitioner, | |
| v. | ORDER AND |
| ST. ANDREW, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Factual and Procedural History**

Petitioner was convicted of second-degree murder and attempted arson with various gun enhancements found to be true following a jury trial in the Solano County Superior Court. On May 29, 2012, he was sentenced to serve 68 years to life in prison. Petitioner's conviction was affirmed on direct appeal.

In his pending amended habeas application, petitioner requests a remand to the Solano County Superior Court for the purpose of a resentencing hearing pursuant to California Assembly Bills 775 and 1437. Petitioner asserts that he is entitled to relief based on recent changes to state law because he was convicted under the implied malice theory based on the natural and probable

1

consequences of brandishing a firearm.

## II. Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review and determined that petitioner's habeas application raises only challenges to state sentencing laws that are not cognizable in this federal habeas corpus action. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (emphasizing that "[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, petitioner seeks relief under California Assembly Bills 775 and 1437. Petitioner's claims are solely concerned with the application of state law and are therefore not cognizable in this federal habeas action. Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions because it is a question of state sentencing law, for which habeas relief is unavailable). As a result, the undersigned recommends that petitioner's amended application for a writ of habeas corpus be summarily dismissed.

## III. Plain Language Summary for Party Proceeding Without Counsel

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your claims that are based exclusively on the application of state law. State law issues are not reviewable by this court in this federal habeas corpus action. It is recommended that your habeas petition be dismissed without reviewing the merits of the claims.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the matter and issue the

1  final decision.

2        Accordingly, IT IS HERBY ORDERED that the Clerk of Court randomly assign this
3  matter to a district court judge.

4        IT IS FURTHER RECOMMENDED that petitioner's amended application for a writ of
5  habeas corpus be summarily dismissed.

6        These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
11 may address whether a certificate of appealability should issue in the event he files an appeal of
12 the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
13 court must issue or deny a certificate of appealability when it enters a final order adverse to the
14 applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of
15 appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it
16 debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of
17 reason would find it debatable whether the petition states a valid claim of the denial of a
18 constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
19 McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed
20 within fourteen days after service of the objections.  The parties are advised that failure to file
21 objections within the specified time may waive the right to appeal the District Court's order.
22 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 Dated:  August 27, 2024

                                           */s/ Carolyn K. Delaney*
                                           CAROLYN K. DELANEY
                                           UNITED STATES MAGISTRATE JUDGE

27 12/hill2789.summ.dism